J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>COPLEY INVESTMENT GROUP, LLC, a Hawaii Limited Liability Company, dba VIVE HOTEL WAIKIKI; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. ___________________<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS “A”-“E” |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for their complaint alleges as follows:

**PARTIES**

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant COPLEY INVESTMENT GROUP, LLC ("Defendant") is a limited liability company organized in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as VIVE HOTEL WAIKIKI.

4. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR (collectively referred to as "Plaintiffs"),

except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through inter alia, interview of Plaintiffs and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

5. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8. Defendant is doing business in the State of Hawaii as a manager, operator and/or owner of a hotel located in Honolulu, Hawaii, under the business name VIVE HOTEL WAIKIKI.

9. Defendant operates a commercial website, at http://vivehotelwaikiki.com/, where customers can view information on Defendant's hotel, purchase online room reservations, or click on hyperlink icons to be directly routed to Defendant's social media commercial web pages, including Defendant's commercial web pages on Facebook.com and Twitter.com.

10. Defendant manages and controls a commercial web page on Facebook.com, at https://www.facebook.com/ViveHotelWaikiki, and managed and controlled a second commercial web page on Facebook.com, at https://www.facebook.com/ViveHotelWaikikiSpecialOffers, to advertise and promote its hotel and to encourage users of its Facebook.com commercial web pages to navigate to its commercial website, http://vivehotelwaikiki.com/, or click

on a provided hyperlink to be directly routed to its commercial website, to purchase online room reservations.

11. Defendant manages and controls a commercial web page on Pinterest.com, at https://www.pinterest.com/vivewaikiki/, to advertise and promote its hotel and to encourage users of its Pinterest.com commercial web page to navigate to its commercial website, http://vivehotelwaikiki.com/, or click on a provided hyperlink to be directly routed to its commercial website, to purchase online room reservations.

12. Defendant manages and controls a commercial web page on Twitter.com, at https://twitter.com/ViveHotelHI, to advertise and promote its hotel and to encourage users of its Twitter.com commercial web page to navigate to its commercial website, http://vivehotelwaikiki.com/, or click on a provided hyperlink to be directly routed to its commercial website, to purchase online room reservations.

13. Defendant manages and controls a commercial page on Ow.ly, at http://ow.ly/user/ViveHotelHI, to manage and create shortened image URL hyperlinks for its uses of images on its social media commercial web pages. Defendant's commercial page on Ow.ly is linked to its Twitter.com commercial web page, described in paragraph 12, to create and manage shortened image URL hyperlinks within Defendant's posts or "tweets" on its Twitter.com commercial

web page for users to click on. When a user clicks on Defendant's shortened image URL hyperlink in Defendant's posting or tweet, the viewer is automatically routed to Defendant's commercial page on Ow.ly to view the uploaded image. Once routed to Defendant's Ow.ly commercial page, users can click on Defendant's "ViveHotelHI" account name to view all of the image files on Defendant's Ow.ly commercial page.

14. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

15. Eleven (11) photographic works, image nos.: "O-23 Waikiki Dusk"; "A-08 Golf Hawaii"; "K-06-B Wailua Falls Rainbow"; "A-19 Snorkel Hawaii"; "M-27 Big Beach-Maui"; "B-18 Green Beach"; F-02 Bird of Paradise"; "A-04 Hawaiian Sea Turtle"; "O-08 Waikiki from Top of DiamondHead"; "O-06 Hanauma Bay Wide"; and, "A-20 Surfer at Twilight," at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR, who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011, and 2) VA 1-696-552, effective December 17, 2009, and

supplemented by form VA-1-432-820, effective June 20, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who has exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit "A."

16. One (1) photographic work, image no.: "Venice Falls, Maui-1", at issue in this case was created by photographer Plaintiff VINCENT SCOTT TYLOR, who owns the copyright to that work. The copyright for that photographic work at issue was registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011, in the name of Plaintiff VINCENT SCOTT TYLOR, who has exclusive rights and privileges in that photographic work under the United States Copyright Act. A true and correct copy of the Certificate of Registration that relates to that photographic work at issue is attached hereto as Exhibit "B."

17. None of the said photographic works was a "work for hire."

18. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses.

19. In mid-2013, Plaintiff VINCENT KHOURY TYLOR learned that Defendant used ten (10) of his photographic works at issue, in high resolution,

on its commercial website, Facebook.com commercial web pages, or Pinterest.com commercial web page a total of at least thirty-three (33) different times, as follows:

Image **"O-23 Waikiki Dusk"** was used at least six (6) times at:

*Page URLs:*
http://vivehotelwaikiki.com/activities/nightlife/ (Full Page Image)
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=437887659622591&set=pb.266668873411138.-2207520000.1376148707.&type=3&theater
http://pinterest.com/vivewaikiki/the-hawaiian-scene/
http://pinterest.com/pin/463167142897900315/
*Image URLs:*
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2012/12/oahu-nightlife1.jpg (665 x 374 pixels)
https://fbexternal-a.akamaihd.net/safe_image.php?d=AQApQ7DSUK6gzGyW&w=155&h=114&url=http%3A%2F%2Fvivehotelwaikiki.com%2Fwordpress%2Fwp-content%2Fuploads%2F2012%2F12%2Foahu-nightlife1.jpg (155 x 87 pixels)
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-frc3/599055_437887659622591_2043758158_n.jpg (960 x 768 pixels)
http://media-cache-ec0.pinimg.com/736x/50/12/93/501293caa044cc5fc59ecafd05cfbb86.jpg (320 x 320 pixels)

Image **"A-08 Golf Hawaii"** was used at least four (4) times at:

*Page URLs:*
http://vivehotelwaikiki.com/special-offers/golf-getaway/ (Full Page Image)
http://vivehotelwaikiki.com/hawaiian-golfing-getaways/
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikikiSpecialOffers
*Image URLs:*
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/05/golf.jpg (1,024 x 576 pixels)
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/05/golf1-300x168.jpg (300 x 168 pixels)
https://fbexternal-a.akamaihd.net/safe_image.php?d=AQASmbWng

6OmfpCb&w=155&h=114&url=http%3A%2F%2Fvivehotelwaikiki.com%2Fwordpress%2Fwp-content%2Fuploads%2F2013%2F05%2Fgolf1-300x168.jpg (155 x 86 pixels)
https://fbexternal-a.akamaihd.net/safe_image.php?d=AQC22M6gasZ3wJxx&w=155&h=114&url=http%3A%2F%2Fvivehotelwaikiki.com%2Fwordpress%2Fwp-content%2Fuploads%2F2013%2F05%2Fgolf.jpg (155 x 87 pixels)

Image **"K-06-B Wailua Falls Rainbow"** was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=464032693674754&set=pb.266668873411138.-2207520000.1376155580.&type=3&theater
*Image URL:*
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-prn1/922957_464032693674754_167029466_n.jpg (575 x 324 pixels)

Image **"A-19 Snorkel Hawaii"** was used at least five (5) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=437348433009847&set=pb.266668873411138.-2207520000.1376155684.&type=3&theater
http://pinterest.com/vivewaikiki/beautiful-bays/
http://pinterest.com/pin/463167142897520012/
*Image URLs:*
https://fbcdn-sphotos-c-a.akamaihd.net/hphotos-ak-frc1/479699_437348433009847_2064891938_n.jpg (960 x 720 pixels)
http://media-cache-ec0.pinimg.com/736x/4d/25/a2/4d25a26437a269de05a37d7cd8da69c7.jpg (450 x 338 pixels)

Image **"M-27 Big Beach-Maui"** was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=470335973044426&set=pb.266

668873411138.-2207520000.1376157602.&type=3&theater OR
https://www.facebook.com/photo.php?fbid=470335973044426&set=pb.266668873411138.-2207520000.1376089555.&type=3&theater

*Image URL:*
https://fbcdn-sphotos-g-a.akamaihd.net/hphotos-ak-frc3/970939_470335973044426_1946940901_n.jpg (700 x 525 pixels)

Image **"B-18 Green Beach"** was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=463284320416258&set=pb.266668873411138.-2207520000.1376159039.&type=3&theater OR
https://www.facebook.com/photo.php?fbid=463284320416258&set=pb.266668873411138.-2207520000.1376089579.&type=3&theater

*Image URL:*
https://sphotos-b-lax.xx.fbcdn.net/hphotos-prn2/225624_463284320416258_685249061_n.jpg (618 x 417 pixels)

Image **"F-02-B Bird of Paradise"** was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=458732264204797&set=pb.266668873411138.-2207520000.1376159039.&type=3&theater OR
https://www.facebook.com/photo.php?fbid=458732264204797&set=pb.266668873411138.-2207520000.1376089579.&type=3&theater

*Image URL:*
https://fbcdn-sphotos-a-a.akamaihd.net/hphotos-ak-ash3/521614_458732264204797_694814807_n.jpg (960 x 540 pixels)

Image **"A-04 Hawaiian Sea Turtle"** was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/vivewaikiki/green-sea-turtle/
http://pinterest.com/pin/463167142897583375/

*Image URL:*
http://media-cache-ak0.pinimg.com/736x/b3/70/e1/b370e18b512c31e5

1e8a5e5cf99da933.jpg (736 x 552 pixels)

Image **"O-08 Waikiki from Top of DiamondHead"** was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/vivewaikiki/beautiful-bays/
http://pinterest.com/pin/463167142897524189/
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/9a/7e/dd/9a7edd6051b28461ce840be06a1f2958.jpg (640 x 1,136 pixels)

Image **"O-06 Hanauma Bay Wide"** was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/vivewaikiki/beautiful-bays/
http://pinterest.com/pin/463167142897520030/
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/40/74/97/407497328a96b41b8c642d9fea5cfd0d.jpg (333 x 250 pixels)

Said photographic works were used by Defendant, without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. True and correct copies of those photographic works registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendant's infringing uses are attached hereto as Exhibit "C."

20. In mid-2013, Plaintiff VINCENT SCOTT TYLOR learned that Defendant used one (1) of his photographic works, in high resolution, on its commercial website a total of at least one (1) time, as follows:

Image **"Venice Falls, Maui-1"** was used at least (1) one time at:

*Page URL:*
http://vivehotelwaikiki.com/2013/03/
*Image URL:*
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/03/BLOG-POST-300x225.jpg (300 x 225 pixels)

This photographic work was used by Defendant, without obtaining a license or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of that photographic work registered by Plaintiff VINCENT SCOTT TYLOR along with a copy of a screenshot of Defendant's infringing use are attached hereto as Exhibit "D."

21. By letter of August 12, 2013, Plaintiffs gave notice to Defendant of the copyright infringements, as described in paragraphs 19 and 20, and Digital Millennium Copyright Act violations for the photographic works at issue and attempted to resolve the claims by requesting that Defendant pay a retroactive licensing fee for its uses and that it cease and desist from using any of Plaintiffs' copyrighted photographic works.

22. Following the notice, described in paragraph 21, Plaintiffs' counsel exchanged correspondence with Defendant's counsel into 2014, but Plaintiffs and Defendant were unable to reach a settlement.

23. Despite the cease and desist notice received by Defendant in August of 2013, Defendant continues to use three (3) of Plaintiff VINCENT KHOURY TYLOR's photographic works, as follows:

Image **"O-23 Waikiki Dusk"** is still being used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=437887659622591&set=pb.266668873411138.-2207520000.1376148707.&type=3&theater OR https://www.facebook.com/photo.php?fbid=437887659622591&set=pb.266668873411138.-2207520000.1398765528.&type=3&src=https%3A%2F%2Ffbcdn-sphotos-h-a.akamaihd.net%2Fhphotos-ak-frc1%2Ft31.0-8%2F885940_437887659622591_2043758158_o.jpg&smallsrc=https%3A%2F%2Ffbcdn-sphotos-h-a.akamaihd.net%2Fhphotos-ak-frc3%2Ft1.0-9%2F599055_437887659622591_2043758158_n.jpg&size=1280%2C1024
*Image URLs:*
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-frc1/t31.0-8/p180x540/885940_437887659622591_2043758158_o.jpg

Image **"A-08 Golf Hawaii"** is still being used at least five (5) times at:

*Page URLs:*
http://vivehotelwaikiki.com/hawaiian-golfing-getaways/
http://vivehotelwaikiki.com/2013/05/
http://vivehotelwaikiki.com/category/blog/page/4/
http://ow.ly/user/vivehotelhi?&page=21 (note that the page=# varies)
http://ow.ly/i/28Bqk
*Image URLs:*
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/05/golf.jpg

(1,024 x 576 pixels)
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/05/golf1-300x168.jpg (300 x 168 pixels)
https://fbexternal-a.akamaihd.net/safe_image.php?d=AQASmbWng6OmfpCb&w=155&h=114&url=http%3A%2F%2Fvivehotelwaikiki.com%2Fwordpress%2Fwp-content%2Fuploads%2F2013%2F05%2Fgolf1-300x168.jpg (155 x 86 pixels)
https://fbexternal-a.akamaihd.net/safe_image.php?d=AQC22M6gasZ3wJxx&w=155&h=114&url=http%3A%2F%2Fvivehotelwaikiki.com%2Fwordpress%2Fwp-content%2Fuploads%2F2013%2F05%2Fgolf.jpg (155 x 87 pixels)
http://vivehotelwaikiki.com/wordpress/wp-content/uploads/2013/05/golf1-300x168.jpg
http://ow.ly/i/28Bqk/original

Image **"A-19 Snorkel Hawaii"** is still being used at least four (4) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/media/set/?set=a.437348423009848.1073741825.266668873411138&type=1
https://www.facebook.com/photo.php?fbid=437348433009847&set=a.437348423009848.1073741825.266668873411138&type=3&theater
https://www.facebook.com/photo.php?fbid=437348433009847&set=pb.266668873411138.-2207520000.1376155684.&type=3&theater OR https://www.facebook.com/photo.php?fbid=437348433009847&set=pb.266668873411138.-2207520000.1398765528.&type=3&src=https%3A%2F%2Ffbcdn-sphotos-c-a.akamaihd.net%2Fhphotoss-ak-prn1%2Ft31.0-8%2F887311_437348433009847_2064891938_o.jpg&smallsrc=https%3A%2F%2Ffbcdn-sphotos-c-a.akamaihd.net%2Fhphotos-ak-prn2%2Ft1.0-9%2F479699_437348433009847_2064891938_n.jpg&size=1600%2C1200
*Image URLs:*
https://fbcdn-sphotos-c-a.akamaihd.net/hphotos-ak-frc1/479699_437348433009847_2064891938_n.jpg (960 x 720 pixels)
http://media-cache-ec0.pinimg.com/736x/4d/25/a2/4d25a26437a269de05a37d7cd8da69c7.jpg (450 x 338 pixels)
https://fbcdn-sphotos-c-a.akamaihd.net/hphotos-ak-prn1/t31.0-8/p180x540/887311_437348433009847_2064891938_o.jpg

These photographic works continue to be used by Defendant without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR and with notice of his copyrights and cease and desist demand, thus constituting willful infringement by continuing to violate his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. True and correct copies of those photographic works registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendant's continuing infringing uses are attached hereto as Exhibit "C."

24. Despite the cease and desist notice received by Defendant in August of 2013, Defendant continues to use the Image URL for Plaintiff VINCENT SCOTT TYLOR's photographic work at issue, at:

Image URL for **"Venice Falls, Maui-1"**:

http://vivehotelwaikiki.com/wordpress/wp-content/uploads /2013/03/BLOG-POST-300x225.jpg

This photographic work continues to be used by Defendant without obtaining a license or consent from Plaintiff VINCENT SCOTT TYLOR and with notice of his copyright and cease and desist demand, thus constituting willful infringement by continuing to violate his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et.

seq. A true and correct copy of that photographic work registered by Plaintiff VINCENT SCOTT TYLOR along with a copy of a screenshot of Defendant's continuing infringing use are attached hereto as Exhibit "D."

25. Despite the cease and desist notice received by Defendant in August of 2013, Plaintiff VINCENT KHOURY TYLOR further learned in February of 2014, that Defendant is using an additional photographic work, **"A-20 Surfer at Twilight"**, at least six (6) times at:

*Page URLs:*
https://www.facebook.com/ViveHotelWaikiki
https://www.facebook.com/ViveHotelWaikiki/photos_stream
https://www.facebook.com/photo.php?fbid=608452762566079&set=pb.266668873411138.-2207520000.1398765488.&type=3&src=https%3A%2F%2Ffbcdn-sphotos-g-a.akamaihd.net%2Fhphotos-ak-ash3%2Ft1.0-9%2F1004711_608452762566079_1005794689_n.png&size=594%2C439
https://twitter.com/ViveHotelHI
http://ow.ly/user/vivehotelhi?&page=5 (2 times; note that the page=# varies)
http://ow.ly/i/4E7uW
*Image URLs:*
https://fbcdn-sphotos-g-a.akamaihd.net/hphotos-ak-ash3/t1.0-9/1004711_608452762566079_1005794689_n.png
https://pbs.twimg.com/media/Bg0LhZNIAAAlrF1.jpg
http://ow.ly/i/4E7uW/original

This photographic work is being used by Defendant, without obtaining a license or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of that photographic work registered by Plaintiff VINCENT KHOURY TYLOR along

with copies of screenshots of Defendant's infringing uses are attached hereto as Exhibit "E."

26. Plaintiff VINCENT KHOURY TYLOR's copyrighted photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each of his photographic works at issue.

27. Upon information and belief, Defendant intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from ten (10) of his eleven (11) photographic works at issue, excluding "B-18 Green Beach", for Defendant's uses of those photographic works without his authority or the authority of the law, or Defendant distributed those photographic works knowing that his copyright management information had been removed or altered without his authority or the authority of the law. Defendant displayed copies of those photographic works without his copyright management information, knowing that Defendant did not own the photographic works, and knowing that a simple internet image search would locate those photographic works with his copyright management information clearly associated with those photographic works. True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information

along with copies of screenshots of Defendant's infringing uses with the copyright management information cropped are shown in Exhibits "C" and "E."

28. Defendant's use of one (1) of Plaintiff VINCENT KHOURY TYLOR's photographic works, **"B-18 Green Beach"**, still contained his copyright management information (as shown in Exhibit C, attached hereto), demonstrating a disregard for Plaintiff VINCENT KHOURY TYLOR's notice of copyright and that Defendant acted willfully with respect to its copyright infringements, knowing that its uses of that photographic work would constitute copyright infringement.

29. Defendant provided, distributed, or associated its own false copyright management information on its commercial website use of Plaintiff VINCENT SCOTT TYLOR's photographic work at issue, without his authority or the authority of the law, knowing that Defendant did not own the photographic work. A true and correct copy of that photographic work registered by Plaintiff VINCENT SCOTT TYLOR along with a copy of a screenshot of Defendant's continuing infringing use, with Defendant's own false copyright management information, are attached hereto as Exhibit "D."

30. Upon information and belief, Defendant's uses of Plaintiff VINCENT KHOURY TYLOR's photographic works on its Facebook.com commercial web pages have contributed to widespread distribution of those photographic works, absent his copyright management information as stated,

because users who view/viewed Defendant's Facebook.com commercial web pages can/could easily distribute Defendant's postings of those photographic works without the said copyright information among other Facebook.com users by clicking on the "Like" button, "Comment" button or "Share" button associated with those photographic works as they appear/appeared on Defendant's Facebook.com commercial web pages. Each "Like," "Comment," or "Share" action by a user causes/caused those photographic works to be distributed to other users or promotes/promoted Defendant's Facebook.com commercial web pages or its business as the origin and owner of those photographic works. Furthermore, users can/could automatically promote Defendant's Facebook.com commercial web pages among other users by clicking the "Like" button associated with those pages, effectively advertising Defendant's business and brand as well as the photographic works at issue, absent Plaintiff VINCENT KHOURY TYLOR's copyright information as stated. Defendant's Facebook.com commercial web pages at issue have each been "Liked" by over 1,000 users (https://www.facebook.com/ViveHotelWaikiki is still active and has now been "Liked" by over 2,000 users) leading to potentially thousands more Facebook.com users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendant absent Plaintiff VINCENT KHOURY TYLOR's copyright management information as stated.

31. Upon information and belief, Defendant's uses of Plaintiff VINCENT KHOURY TYLOR's photographic works at issue on its Pinterest.com commercial web page absent his copyright management information, contributed to widespread distribution of those photographic works absent his copyright management information because Pinterest.com users could easily distribute Defendant's uses of those photographic works among other Pinterest.com users by clicking on the "Pin it" button or "Like" button associated with those uses as they appeared on Defendant's Pinterest.com commercial web page. Users could further distribute those photographic works among the millions of users of social media websites Facebook.com or Twitter.com by clicking on the "share" button associated with Defendant's uses of those photographic works. Each "Pin it" or "Like" or "share" click by a user caused Defendant's uses of those photographic works to be distributed to other users or promoted Defendant's Pinterest.com commercial web page or its business as the origin and owner of those photographic works. Furthermore, users could automatically promote Defendant's Pinterest.com commercial web page or its business among other users by clicking the "Follow" button associated with that page, effectively advertising Defendant's business alongside its uses of the photographic works at issue, leading to potentially thousands more users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendant.

32. Upon information and belief, Defendant's use of Plaintiff VINCENT KHOURY TYLOR's **"A-20 Surfer at Twilight"** on its Twitter.com commercial web page has contributed to widespread distribution of this photographic work absent Plaintiff's copyright management information because users can view Defendant's "tweets", "follow" Defendant's Twitter.com commercial web page to be notified of its "tweets", "re-tweet" Defendant's "tweet" of this photographic work to other users, or reply to Defendant's "tweets," all of which are actions that automatically promote Defendant's Twitter.com commercial web page among other users and effectively advertise Defendant's business as the origin and owner of this photographic work at issue. Furthermore, when users click on Defendant's hyperlink to view Defendant's Ow.ly commercial page use of that photographic work, users can then "tweet" or "share" Defendant's use as it appears on its Ow.ly commercial page, effectively distributing Defendant's initial use, absent Plaintiff's copyright management information, among the millions of users of social media websites Facebook.com or Twitter.com.

33. Plaintiffs and Defendant were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT

34. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-33 as if fully stated herein.

35. Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works as holders of the copyrights, the use of which has not been licensed to Defendant.

36. Defendant has misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendant; Defendant thereby willfully engaged in, and continues to willfully engage in, unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using eleven (11) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least thirty-nine (39) separate times and by using one (1) of Plaintiff VINCENT SCOTT TYLOR's photographic works a total of at least one (1) time on its commercial website, Facebook.com commercial web pages, Pinterest.com commercial web page, Twitter.com commercial web page, and/or Ow.ly commercial web page despite notice of Plaintiffs' copyrights and demand that it cease and desist. Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

37. Defendant has shown that it intends to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing,

and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

38. Defendant's unlawful use of copies of Plaintiffs' original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

39. Defendant's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

40. Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

41. Defendant, by its unauthorized appropriation and use of Plaintiffs' original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

42. Because Defendant used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

43. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

44. Plaintiffs are entitled to recover from Defendant the damages they have sustained as a result of these wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement.

45. Plaintiffs are further entitled to recover from Defendant any gains, profits, or advantages Defendant obtained as a result of its wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its acts of copyright infringement.

46. Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its willful violations of Plaintiffs' copyrights.

47. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

48. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-47 as if fully stated herein.

49. Defendant intentionally removed or altered copyright management information from association with ten (10) of Plaintiff VINCENT KHOURY TYLOR's photographic works for its said uses, or distributed those photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, and, in addition, associated, distributed or provided its own false copyright management information with Plaintiff VINCENT SCOTT TYLOR's one (1) photographic work at issue, without the authority of Plaintiffs or the law, knowing, or having reasonable grounds to know, that the removal, distribution, or false association, distribution or provision would induce, enable, facilitate, or conceal infringement of copyright.

50. Defendant's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

51. Plaintiffs are entitled to a preliminary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

52. Plaintiffs are entitled to recover from Defendant the actual damages suffered by them and any profits Defendant has obtained as a result of its

wrongful acts that are not taken into account in computing the actual damages. Plaintiffs are currently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

53. Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its violations of 17 U.S.C. § 1202.

54. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendant and its directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendant be required to pay such damages as Plaintiffs have sustained and any profits Defendant has gained in consequence of Defendant's unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Defendant be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, May 2, 2014.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR